IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–30–BLG–SPW |
| Plaintiff, | |
| vs. | ORDER |
| CHRISTIAN DANIEL TAKESENEMY, | |
| Defendant. | |

On January 9, 2024, Defendant Christian Daniel Takesenemy filed a motion

under 18 U.S.C. § 3582(c)(1)(A) seeking to reduce his 9-month revocation

sentence. (Doc. 63; *see* Doc. 61 (Revo. Judg.).) On January 18, 2024, counsel was

appointed to represent the defendant. (Docs. 64, 67.) Appointed counsel filed an

amended motion on February 8, 2024. (Doc. 68.) The government opposes.

(Doc. 70.) Because Takesenemy is in Cascade Detention Center and "not in BOP

custody," his current release date is unknown. *See* Inmate Locator,

http://www.bop.gov/inmateloc (accessed Mar. 8, 2024). Defense counsel indicates

that release is likely in August 2024. (*See* Doc. 68 at 7.) For the reasons stated

1

below, the defendant's motion is denied.

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

Here, Takesenemy argues that his medical condition qualifies as an extraordinary and compelling reason warranting early release. However, because Takesenemy fails to meet this standard or show that the § 3553(a) factors support early release, his motion is denied.

## I.    Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Because Takesenemy is "not in BOP custody," it is undisputed that he has not

made a request as required by statute. While the government indicates that failure could be a reason to deny relief, it recognizes that the unique circumstances of Takesenemy's custody—i.e., that he has begun serving his federal sentence but has not been and may never be designated to a BOP facility, (*see* Doc. 64),—means "he does not currently have any administrative remedies to exhaust." (Doc. 70 at 5.) Takesenemy's failure to exhaust is therefore considered waived, *see Keller*, 2 F.4th at 1282, and his motion is considered on the merits.

## II.   Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission provides explicit examples of such circumstances. *See* USSG §1B1.13. Relevant here, extraordinary and compelling reasons exist if "[t]he defendant is . . . suffering from a serious physical or medical condition. . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." §1B1.13(b)(1)(B). Such reasons also include if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." §1B1.13(b)(1)(C). Finally, a catchall provision in §1B1.13(b) provides for such "other circumstances or combination of circumstances" that are cumulatively of a similar gravity to

3

those enumerated above. *See* §1B1.13(b)(5).

In January 2024, Takesenemy alleges that he "had a very painful gallbladder attack" that resulted in him being admitted to the hospital in Great Falls for two days. (Doc. 66 at 1.) He then continued to be in pain upon his return to custody and suffered from an infection for which he received antibiotics. (*Id.* at 1–2; Doc. 68 at 6.) While "[m]edical tests did not reveal the presence of active gallbladder disease," Takesenemy argues that "the noted attacks of abdominal pain may be gallbladder related and may eventually result in gallbladder removal." (Doc. 68 at 6.) The government argues that these circumstances do not rise to the level of "extraordinary and compelling," emphasizing the absence of a medical diagnosis and the fact that Takesenemy was able to receive necessary care while in custody.

As recognized by both parties, an assessment of Takesenemy's medical condition is complicated by the unique circumstances of his local incarceration and the resulting absence of medical records. While Takesenemy has the burden to show relief is warranted, *see United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022), it is unfair to hold the absence of records against him when such records are normally provided by the government. Accordingly, Takesenemy's assessment of his medical condition will be accepted as true: he does not currently have gallbladder disease but continues to suffer from severe, undiagnosed abdominal pain. (*See* Doc. 71 at 2.) Nevertheless, as argued by the government, Takesenemy

has not shown an absence of adequate treatment while in custody. To the contrary, Takesenemy saw a provider to discuss his gallbladder issue on December 27, 2023, (*see* Doc. 63 at 1), and was taken to the hospital on January 14, 2024, following a "gall bladder attack," (*see* Doc. 66 at 1). While Takesenemy surmises what "could" happen if he remains in custody without treatment, (*see id.* at 2), that prediction ignores the fact that he has received prompt medical care for this ongoing medical issue. *See United States v. Ayon-Nunez*, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." (Internal quotation marks omitted)). And while Takesenemy alludes to the dangers of contracting COVID in his weakened state, (*see* Doc. 66 at 2), he presents no evidence to show that he is currently at a greater risk of such contraction in Cascade County Detention Center than he would be if released, *see United States v. Singui*, 2020 WL 2523114, at *4 (C.D. Cal. May 12, 2020).

Based on the foregoing, Takesenemy has not shown that he suffers from a diminished medical condition that qualifies as an extraordinary and compelling reason for release.

## III.   Section 3553(a) Factors

But even if Takesenemy met the standard outlined above, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element

of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also

consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a).

Pertinent factors include the "nature and circumstances of the offense and the

history and characteristics of the defendant," the need for the sentence "to reflect

the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense," to deter criminal conduct and protect the public, and

to provide effective correctional treatment, including education or vocational

training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also

consider the advisory guideline range and the need to "avoid unwarranted

sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4),

(6).

Based on a juvenile conviction, Takesenemy is required to register as a sex

offender under the Sex Offender Notification and Registration Act ("SORNA").

(PSR ¶ 8.) In 2017, Takesenemy failed to reregister after he moved from Billings

to the Northern Cheyenne Indian Reservation. (PSR ¶ 10.) He pled guilty to one

count of failing to register in violation of 18 U.S.C. § 2250(a), and, in November

2018, received a Guideline sentence of 24 months' custody followed by five years

of supervised release. (Doc. 25.)

In April 2023, Takesenemy was revoked for failure to report for urinalysis

testing, consumption of alcohol, and drug use. (Doc. 42.) He was sentenced to

time served with 59 months of supervision to follow. (Doc. 44.) He was revoked again in November 2023, for methamphetamine use, alcohol consumption, failure to report for urinalysis testing, and the failure to successfully complete inpatient treatment. (Doc. 50.) He received a sentence of 9 months of custody with 50 months of supervision to follow. (Doc. 61.) That is the sentence that he is currently serving.

Takesenemy argues that release is warranted under § 3553(a) because it would permit him to seek medical treatment at the Billings Clinic, and he has a release plan to return to a residence in St. Xavier, Montana and to continue working for the Crow Tribe. (*See* Doc. 68 at 7–8.) However, as discussed above, Takesenemy has been receiving medical care for his gallbladder while in custody. Moreover, as argued by the government, "[d]uring every period of supervised release, [Takesenemy] has failed to abide by the conditions set for him. He repeatedly drank alcohol, repeatedly used methamphetamine, and . . . has also been missing for significant periods of his supervision." (Doc. 70 at 9.) Nothing in Takesenemy's present motion assuages these concerns. To the contrary, Takesenemy's prior performance on supervision indicates he poses a danger to the community. *See* USSG §1B1.13(a)(2); 18 U.S.C. § 3142(g).

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 63, 66, 68) is

DENIED.

DATED this 22nd day of March, 2024.

Susan P. Watters, District Judge
United States District Court